(124 So. 391)

**DAVIS v. STATE.** (7 Div. 520.)

Court of Appeals of Alabama. June 29, 1929.

Rehearing Denied Oct. 8, 1929.

L. B. Rainey, of Gadsden, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

RICE, J. It is definitely settled in this state that the exception reserved to the ruling of the trial court granting or overruling a motion for a new trial must be shown by the bill of exceptions, before a review of said ruling will be here, on appeal, indulged. Thomas v. Carter, 218 Ala. 55, 117 So. 634; Yates v. Barnett, 215 Ala. 554, 112 So. 122. We cannot consider the action of the trial court, in the instant case, in overruling appellant's motion for a new trial, for the reason that the bill of exceptions fails to show an exception reserved to said ruling. So. Ry. Co. v. Scottsboro Wholesale Co., 22 Ala. App. 636, 119 So. 241.

Under an indictment, unchallenged by demurrer, charging grand larceny, appellant was convicted of the offense of petit larceny; circumstantial evidence being presented on behalf of the state, and apparently believed by the jury, tending to show that he feloniously took and carried away from the field of one Walter Sitz a number of ears of green and growing corn, commonly denominated "roasting ears."

As above shown, the question of whether or not the evidence was sufficient to sustain the finding of the jury, as presented in one of the grounds of appellant's motion for a new trial, is not before us. There was *some* evidence of appellant's guilt of the offense charged, and this sufficed to render the

refusal of his written requested general affirmative charge in his favor proper. McMillan v. Aiken, 205 Ala. 35, 88 So. 135.

None of the exceptions reserved on the taking of testimony is to a ruling involving other than the simplest principle of law. In none of such rulings do we observe prejudicial error or anything worthy of discussion by us.

The written charges refused to appellant have each been critically examined. In the case of each of them we find that, if the same is not incorrect, the substance of the charge was fully given to the jury in the trial court's oral charge, in connection with the numerous written charges given at appellant's request. When this latter is true, there is, of course, no obligation on the trial court to *give* such charge.

There does not appear anywhere any prejudicial error to have been committed by the trial court, and the judgment is affirmed.

Affirmed.