29 So.2d 877

**DAVIS v. STATE.**

8 Div. 547.

Court of Appeals of Alabama.

April 8, 1947.

Fred Jones and J. A. Posey, both of Haleyville, for appellant.

A. A. Carmichael, Atty. Gen., and L. E. Barton, Asst. Atty. Gen., for the State.

CARR, Judge.

The appellant was tried in the court below on an indictment charging in separate counts burglary, grand larceny, and receiving stolen property.

The accused interposed pleas of "not guilty" and "not guilty by reason of insanity."

In an able oral charge the trial judge instructed the jury as to the applicable law. The jury responded with a general verdict of guilt.

It is not disputed in the evidence that Mr. W. L. Berryman's storehouse was entered by breaking a window thereto, and that an appreciable amount of merchandise and some money were taken and carried away.

Officers testified that they found some articles of merchandise in defendant's home. This finding was forthwith after the burglary had been discovered, which was the early morning after its commission the night before. Some of these articles were identified by the storekeeper as being among those which were taken from his place of business the night before.

An officer, who gave testimony of his experience and study of the methods employed, "lifted" some fingerprints from a broken glass of the window through which the burglar entered. This "lifted" sample, together with an ink-print specimen taken of defendant's finger, was sent by mail to the Federal Bureau of Investigation at Washington, D. C. They were photographed, studied, examined, and classified by a Mr. Robyak, a fingerprint expert in that department. He testified for the State on the trial of the cause below and expressed the opinion that the two specimens were taken from the finger of the same person. The witness gave the court and jury the benefit of a detailed explanation of the methods used in arriving at his conclusions.

There were numerous objections interposed by counsel for appellant during the procedure while this line of evidence was being developed. It would be impractical and of no value for us to take up each exception to the court's ruling and give separate treatment thereof. In the main, the objections raise the question of the qualifications of the witnesses. Whether or not they possessed the requisite qualifications was a question which addressed itself to the sound discretion of the court after he had heard the preliminary evidence relating to the inquiry. Wilson v. State, 31 Ala.App. 21, 11 So.2d 563; Kitchens v. State, 31 Ala.App. 239, 14 So.2d 739; Mathis v. State, 15 Ala.App. 245, 73 So. 122; DeSilvey v. State, 245 Ala. 163, 16 So.2d 183.

In the case at bar the trial judge was afforded sufficient facts upon which to base a fair finding of the qualifications of the witnesses in question.

The science of fingerprinting has become well established and is generally recognized, both in this country and in England. The authorities declare that fingerprints are reliable and dependable as a means of identifying persons. The admissibility of this type of evidence is dependent upon and must adhere to the rules appertaining to the qualifications of witnesses.

The case of Moon v. State, 22 Ariz. 418, 198 P. 288, annotated in 16 A.L.R. 362, gives interesting and informative discussion of the development of the science of fingerprinting. See also, Hopkins v. State, 174 Ark. 391, 295 S.W. 361; Ingram v. Commonwealth, 265 Ky. 323, 96 S.W.2d 1017; Leonard v. State, 18 Ala.App. 427, 93 So. 56.

We have given attentive consideration to the rulings of the court while this evidence was being presented, and we are clear to the conclusion that no error should be

70

charged in any incident. We note that enlarged reproductions of the fingerprints in question were introduced in evidence and are before us for comparison.

There were some objections interposed by counsel for appellant during the course of the cross examinations of the defendant's witnesses. We do not observe that on any on these occasions the trial judge abused his discretionary privilege. Allsup v. State, 15 Ala.App. 121, 72 So. 599; Peterson v. State, 32 Ala.App. 439, 27 So. 2d 27.

The refused written charges appear unnumbered. We have indicated numbers for the convenience of reference.

■ Charges one and four, if not otherwise objectionable, are abstract. Without dispute in the evidence, the store in question was being operated under the personal supervision of Mr. Berryman, the owner. The fact that a few articles among those taken from the building belonged to a lady clerk would not constitute a variance in the proof of the charges in the indictment.

■ Charge three is not hypothecated on the evidence. Edwards v. State, 205 Ala. 160, 87 So. 179. This is not to hold that it is otherwise sound.

■ The other requested written charges were general affirmative instructions for the defendant. Clearly, under the proof established, they were properly disallowed. Fulton v. State, 8 Ala.App. 257, 62 So. 959; Davis v. State, 23 Ala.App. 278, 124 So. 391; Tyra v. State, 17 Ala.App. 92, 82 So. 631; Hargrove v. State, 147 Ala. 97, 41 So. 972, 119 Am.St.Rep. 60, 10 Ann. Cas. 1126.

We gladly give recognition to the very helpful and comprehensive brief filed in this cause by the Assistant Attorney General.

We have discussed all questions which merit our treatment.

The judgment of the court below is ordered affirmed.

Affirmed.