51 So.2d 388

**THOMAS et al. v. STATE.**

**4 Div. 137.**

Court of Appeals of Alabama.

March 20, 1951.

622

E. C. Boswell, Geneva, for appellants.

A. A. Carmichael, Atty. Gen., and Wallace L. Johnson, Asst. Atty. Gen., for the State.

PRICE, Judge.

Appellants, Bishop M. Thomas and Benjamin F. Thomas, were by consent and agreement, tried jointly in the Circuit Court of Geneva County, Alabama, under separate indictments charging them with (1) manufacturing alcoholic, spirituous, malted, or mixed liquors, or beverages, and (2) possessing a still, etc.

Upon the trial appellants were each found guilty as charged in the indictment, and were sentenced to 16 months each in the penitentiary.

The State's testimony tended to show: That on Saturday afternoon, June 25, 1949, the Chief of Police of Samson, Alabama, and a deputy sheriff saw defendants in the woods with parts of a still. Bishop Thomas was carrying a thumper keg and Benjamin F. Thomas had a wooden trough. They placed these articles on the ground and went away.

The officers returned to this place about 10 o'clock that night. At that time the still was in full operation, with whiskey running therefrom.

The officers hid in the bushes twenty feet away and watched defendants moving about the still with a flashlight and tending the fire under the boiler. When the officers closed in the defendants ran. The arrest was made the following morning.

Defendants denied all connection with or knowledge of the still, and introduced evidence tending to prove an alibi.

The evidence of the State's witnesses was positive as to the identity of the defendants. This conflict in the testimony presented a jury question and defendants were not entitled to the affirmative charge. Grimes v. State, 24 Ala.App. 378, 135 So. 652; Brown v. State, 30 Ala. App. 5, 200 So. 637; Glover v. State, 25 Ala.App. 423, 148 So. 160; Davis v. State, 229 Ala. 674, 159 So. 209.

Appellants assign as grounds of motion for a new trial that error was committed by the court in its oral charge on the question of alibi, the excerpt complained of being quoted in appellants' brief. No exception having been reserved to any part of that charge on the main trial, it is not subject to review by this court. Meadows v. State, 182 Ala. 51, 62 So. 737; Daily v. Quinn, 208 Ala. 398, 94 So. 523; Sovereign Camp W. O. W. v. Gay, 217 Ala. 543, 117 So. 78; Wilson v. State, 27 Ala.App. 38, 166 So. 715; Brown v. State, 27 Ala.App. 32, 165 So. 405.

The motion of each of the defendants for a new trial was properly overruled.

The rulings of the court on the admission of evidence disclose no reversible error. The judgment of the circuit court is affirmed.

Affirmed.