54 So.2d 610

## GLADDEN v. STATE.

7 Div. 133.

Supreme Court of Alabama.

Oct. 25, 1951.

---

Keener & Keener, Centre, for petitioner.

Si Garrett, Atty. Gen., and A. A. Carmichael, Asst. Atty. Gen., opposed.

BROWN, Justice.

The petitioner was convicted on his trial before a jury in the law and equity court of the offense of driving a motor vehicle on a highway of the state while intoxicated in violation of the provisions of § 2, Title 36, Code of 1940. On his appeal the judgment of conviction was affirmed. He now complains that the Court of Appeals erred in holding that, "Where however an opportunity for observation is shown, even though slight, a witness should be considered competent to testify as to what he did observe", 54 So.2d 609.

We think this was within the well established exception to the general rule stated in Mayberry v. State, 107 Ala. 64, 67, 18 So. 219, 220, that "Where a fact cannot be reproduced and made apparent to the jury, a witness may describe the fact according to the effect produced on his mind; or if, from the nature of a particular fact, better evidence is not attainable, the opinion of a witness, derived from observation, is admissible. 1 Whart.Ev. § 511; Lawson, Exp. [and Opinion] Ev. 460."

As held by the Court of Appeals the slight opportunity to make observation goes to the weight of the evidence, and this was for the jury. Spooney v. State, 217 Ala. 219, 224, 115 So. 308, 313, cited by petitioner does not support the contention of the petitioner that the court erred in not excluding the testimony of the witness Hurley. In that case the opinion states: "The evidence is without dispute that the defendant left the scene of the tragedy immediately after he fired the fatal shot; that he was not present when the statement, imputed to Phil Utsey by the witness Mrs. Williams, made in response to her request that a doctor be called, 'he told me to shut my mouth, I didn't need a doctor.' This statement was made after the fact under investigation, by a third person, in the absence of the defendant, and was so separated in point of time as not to be of the res gestae. * * *"

In the instant case, as the evidence set out in the opinion of the Court of Appeals shows, the act of driving the motor vehicle, the condition of the driver and the arrest of defendant, were within the res gestae of the offense.

The writ of certiorari is therefore due to be denied. It is so ordered by the court.

Writ denied.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.