76 So.2d 183

**Ezra ENNIS**

v.

**STATE.**

**6 Div. 790.**

Court of Appeals of Alabama.

Nov. 23, 1954.

T. K. Selman and Thomas Leon Beaird, Jasper, for appellant.

Si Garrett, Atty. Gen., and Robt. Straub, Asst. Atty. Gen., for the State.

PRICE, Judge.

Appellant, on appeal from a like conviction in the County Court of Walker County, was convicted for the illegal possession of prohibited liquors.

The State's evidence tended to show that police officers saw defendant and two other men standing near a large pine tree behind a fence that ran along the side of a country road. Defendant's automobile was parked on the side of the road and a red panel truck was parked across the road. As the police car approached defendant's companions ran into the woods but they later returned.

Deputy Sheriff Newt Wilson testified that as they drove up in the police car he saw all three of the men throw several beer cans into the bushes. After the car stopped Wilson climbed the fence, and while doing so he saw appellant, with a paper sack in his hands, throw a half pint bottle. The bottle was recovered and was found to contain wildcat whiskey.

Dewey Myers, Police Chief of Carbon Hill, testified he was in the police car and as it approached appellant remained where he was while the other two men fled into the woods. He stated he did not see defendant throw anything but saw him fold a paper sack and put it back in his pocket. The witness found the half pint of whiskey eight or ten feet from where defendant was standing.

The evidence for defendant tended to show that he operated a taxicab in Carbon Hill; that he was hired by Hugh Darty and Arthur Sawyer to drive them to the place where they were found by the officers; that upon arrival all three men got out of the car; that Darty and Sawyer climbed the fence but appellant remained on the outside; three or four minutes later the officers drove up.

Testimony for the defense also tends to show that defendant had no whiskey or beer at any time that day.

Defendant denied throwing the whiskey or having seen it before the officers found it on the ground. He testified nothing was said about charging him with having violated the prohibition law at the time. The next morning Wilson asked if he was going to the city and pay his fine and defendant said "no," he wasn't guilty. He said he did not bet the officer $50 he would beat the case.

In rebuttal Wilson testified that at the scene he offered the defendant the opportunity to go to the City Court and pay his fine and defendant refused and offered to bet $50 he would beat the case.

 The evidence presented a question for the determination of the jury, and was sufficient, if believed, to sustain the verdict. Therefore, defendant's request for the affirmative charge, as well as the motion to exclude the evidence, was properly refused. Nor was error committed in overruling defendant's motion for a new trial.

Defendant reserved an exception to certain portions of the court's oral charge. It affirmatively appears from the record that such exception was not reserved until after the jury had retired. To be availing, a party who reserves an exception to the oral charge, or any part of it, must do so in the presence of the jury and before the jury retires. Meadows v. State, 182 Ala. 51, 62 So. 737; Sovereign Camp, W. O. W., v. Gay, 217 Ala. 543, 117 So. 78; Brown v. State, 27 Ala.App. 32, 165 So. 405.

Insistence is made in brief that the court committed error in charging the jury that it was their duty to separate testimony which they found to be true from that which they found to be false. It does not appear from the record that an exception was reserved to that portion of the oral charge, therefore, the question of the correctness of the court's statement is not before us for review. Thomas v. State, 35 Ala.App. 621, 51 So.2d 388; Henderson v. State, 36 Ala.App. 143, 53 So.2d 624.

In brief appellant questions the validity of the warrant of arrest issued in this case. The warrant bears date of issuance of March 20, 1953. The sheriff's return shows the date of execution as March 15, 1953. This irregularity was not called to the attention of either the county court or circuit court and is questioned for the first time on this appeal. By appearing and entering his plea of not guilty the defendant waived any irregularities appearing in the warrant. Gladden v. State, 36 Ala.App. 197, 54 So.2d 607, certiorari denied 256 Ala. 368, 54 So.2d 610, and cases cited.

Insistence is also made that the judgment entry does not contain the words "considered and adjudged." A copy of the judgment entry has been certified to this court by the clerk of the circuit court in compliance with a writ of certiorari issued May 28, 1954, showing a correct judgment.

The offense of which the accused was convicted was a misdemeanor, and the court was not required to ask accused whether he had anything to say why the sentence should not be pronounced upon him. Bowles v. State, 241 Ala. 142, 1 So.2d 665.

There being no reversible error in the record, the judgment is ordered affirmed.

Affirmed.