83 So.2d 620

### Arnold Clay PRINCE

v.

### STATE.

### 6 Div. 249.

Court of Appeals of Alabama.

Nov. 1, 1955.

Rehearing Granted Nov. 22, 1955.

H. P. Lipscomb, Jr., Bessemer, for appellant.

John Patterson, Atty. Gen., and Robt. P. Bradley, Asst. Atty. Gen., for the State.

HARWOOD, Presiding Judge.

This case was ordered reversed because of what we considered an error in the court's oral instructions.

In the State's application for rehearing it was pointed out that the record shows that reservation to the erroneous instruction was not made until *after* the jury had retired. This being so, the attempted reservation cannot be availed of on appeal. Brown v. State, 27 Ala.App. 32, 165 So. 405; Ennis v. State, 37 Ala.App. 716, 76 So.2d 183.

The opinion originally issued is therefore withdrawn, and this present opinion substituted therefor.

This appellant stands convicted of the larceny of an automobile.

The evidence presented by the State tended to show that Phastion Sanders parked her automobile in front of the Bessemer General Hospital about 6 P.M. When she left the hospital about two hours later her car was gone. She had not given any one permission to use the vehicle, and she next saw it when it was returned to her by the Alabama Highway Patrol.

About eight o'clock on the evening the car was stolen it was observed speeding on a street in Bessemer. After a chase at high speed, in which the pursued car was eventually overtaken when the driver lost control, it was apprehended. The driver was a man named Johnson, and the appellant was riding as a passenger, the car being a coupe.

Johnson attempted to flee, but was captured. Both occupants of the car had been drinking, but the appellant "talked pretty well."

The appellant told the officers that the car had been borrowed from a boy at the

"Coffee Shop," but was unable to further identify the alleged lender.

The defendant's evidence was largely directed toward establishing that he was so drunk as to have been unable to entertain the requisite intent.

The defendant admitted he had been with Johnson since three in the afternoon. They had spent their time largely drinking beer and wine.

▆ The State's evidence was sufficient to sustain the verdict of guilty under elemental rules, and no discussion is indicated.

Examination of the record discloses no points which we believe would justify a discussion. The record is free of error probably injurious to appellant's substantial rights.

The State's application for rehearing is granted and the judgment is ordered affirmed.

Affirmed.