320 So.2d 45 (1975)
STATE of Florida, Appellant,
v.
Eligaah Ardalle JACOBS, Appellee.
No. 75-503.
District Court of Appeal of Florida, Second District.
September 19, 1975.
Rehearing Denied November 5, 1975.
*46 Robert L. Shevin, Atty. Gen., Tallahassee, and Davis G. Anderson, Jr., Asst. Atty. Gen., Tampa, for appellant.
Lester Bales, Jr., Zephyrhills, for appellee.
SCHEB, Judge.
The trial court held that an affidavit was insufficient on its face to establish probable cause for issuance of a warrant for search of a dwelling. The state appeals. We reverse and remand.
Deputy Sheriff Everett Keister executed an affidavit on November 18, 1974, in application for a warrant to search a mobile home in Polk County occupied as a private dwelling. A search warrant was issued by a magistrate commanding search of the dwelling therein described. After a hearing on the appellee/defendant's motion to suppress, the trial court ruled Deputy Keister's affidavit was insufficient on its face to establish probable cause. The court suppressed the items seized as a result of the execution of the warrant, including a pair of black work boots and 37 rounds of .380 caliber ammunition not described in the warrant.
The only question now before us is whether Deputy Keister's affidavit[1] was *47 sufficient on its face to allege probable cause. The affidavit alleges a confession of one Pauline Jacobs to a Lt. Coughlin on November 17, 1974. She stated she accompanied appellee/defendant and two other males at a robbery/murder in Pasco County on March 5, 1974, and that firearms used in that crime were, on November 16, 1974, in the dwelling sought to be searched. This admission, being against penal interest, provides its own indicia of reliability. United States v. Harris, 1971, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723. Also, Pauline Jacobs allegedly stated she was present when the appellee/defendant committed the breaking and entering which Deputy Keister was investigating where firearms had been stolen from Sumner's Services in Polk County on October 24, 1974. Finally, affiant stated he talked with one Thomas Collins, an alleged cofelon in the crime for which appellee/defendant is being prosecuted. Collins, who allegedly admitted his presence at the scene of the Pasco County crime to another police officer, stated to affiant that he had recently been in the dwelling sought to be searched and that it did, indeed, contain 10 or 12 firearms.
The affidavit here details sufficient underlying facts and circumstances on which to base a belief that probable cause exists and is sufficient on its face. Affidavits for search warrants are normally drafted by nonlawyers under the press of criminal investigation and are tested and interpreted by courts in a common *48 sense and realistic fashion. Therefore, technical requirements of elaborate specificity have no proper place in this area. United States v. Ventresca, 1965, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684.
Generally, the sufficiency of a search warrant is determined solely with reference to the warrant and supporting affidavit. State v. Oldack, Fla.App.2d 1973, 283 So.2d 73; State v. Knapp, Fla. App.2d 1974, 294 So.2d 338. But even though sufficient on its face, the court, subsequent to issuance of a search warrant, may make a determination of the truthfulness of the factual statements contained in the warrant affidavit. In cases where the affiant subsequently contradicts material averments made to secure the warrant, or where otherwise such averments are proved erroneous, the warrant may be found to be invalid. State v. Knapp, supra; United States v. Jones, 5th Cir.1973, 475 F.2d 723; McConnell v. State, 1972, 48 Ala.App. 523, 266 So.2d 328.
Here the trial judge apparently concluded it was necessary to go behind the statements in the warrant affidavit. Pursuant to RCrP 3.190(h) an evidentiary hearing was held with testimony taken of Deputy Keister as well as of Detective Henry Rogers and Lt. E.H. Vogt, both of the Pasco County Sheriff's Department. But no findings or conclusions were made by the court on basis of the evidence presented. The court merely concluded the affidavit was insufficient to establish probable cause. However, where, as here, there had been an attack on the truth of the affidavit, it became incumbent on the trial judge to determine whether the affiant made any material misstatements in the warrant affidavit.
On remand, the trial judge should make findings: (a) as to whether any statements in the warrant affidavit were successfully contradicted or proven erroneous, and (b) as to the effect of seizure of the items not specified in the warrant; and enter judgment accordingly.
Accordingly, this cause is reversed and remanded for proceedings consistent with this opinion.
GRIMES, Acting C.J., and SCHWARTZ, ALAN R., Associate Judge, concur.
NOTES
[1] The material part of the affidavit, insofar as relates to the issue of probable cause, states as follows:

On the night of March 5, 1974 at approximately 5:00 P.M. three white males and one white female, later identified as Ardelle Elijah Jacobs, Thomas Collins and Elijah Chavis and Pauline Jacobs, wife of Elijah Jacobs. The four people were seen in a late model Chrysler cream colored station wagon parked on a dirt road behind Chancey's Country Store, Hiway 39 on the Hillsborough Pasco County Line. Shortly thereafter three white males entered Chancey's Country Store and robbed one of the two white males at gun point taking from him several hundred dollars and then the three white males or one or two of the three, shot and killed both of the two white males who were in the store and filling station and then left the scene.
Subsequently, to-wit, on or about November 17, 1974, the said Pauline Jacobs confessed to Detective Lieutenant Richard Coughlin of the Massachusetts State Police in Bourne, Massachusetts, that it was she and the said Ardelle Elijah Jacobs, Thomas Collins and Elijah Chavis who had gone in the said cream colored late model Chrsyler station wagon to the said Chancey's Country Store and Filling Station and that it was her three male companions aforesaid who robbed and murdered the two white males aforesaid. She further stated to the said Detective Lieutenant Richard Coughlin that she had been in the above-described house trailer or mobile home on Saturday, November 16, 1974 and at that time there was contained in said mobile home or house trailer the firearms which had been used by her male companions in the robbery and murder aforesaid and that when she left said premises said firearms were still there.
Between 5:00 P.M. on October 24, 1974 and 7:00 A.M. on October 24, 1974 the place of business known as Sumner's Service and Motor Parts in the settlement of Willow Oak near Mulberry, Florida was broken into and the firearms thereinabove described as taken therefrom were taken therefrom. Subsequently, to-wit on or about November 17, 1974 the said Pauline Jacobs stated to the said Detective Lieutenant Richard Coughlin that between 5:00 P.M. on October 24, 1974 and 7:00 A.M. on October 25, 1974 she was in company with the said Ardelle Elijah Jacobs, Thomas Collins and Elijah Chavis, who did break and enter said Sumner's Service and Motor Parts as aforesaid and take therefrom firearms and money.
On the evening of November 17, 1974 Affiant arrested the said Thomas Collins and the said Elijah Chavis and incarcerated them in the Polk County Jail at Bartow, Florida and during the conversation between Affiant and the said Collins, the said Collins told Affiant that he had recently been in said house trailer or mobile home aforesaid belonging to the said Jacobs and had there seen some 10 or 12 firearms in said house trailer or mobile home.
On November 18, 1974, Affiant talked over the telephone to Deputy Sheriff Lt. Vogt of the Pasco County, Florida Sheriff's Office who informed Affiant that he had the said Collins in custody (Collins, Chavis and Jacobs having previously been turned over to the Pasco County Sheriff's Office by Affiant) and that the said Collins had informed him that said Lt. Vogt that he, the said Collins, had been present with the said Jacobs and the said Chavis at the armed robbery and double murder aforesaid, but the said Collins denied taking part in said crimes.