GLICKSTEIN, Judge,
concurring specially:
The State appeals the trial court’s .order suppressing evidence seized pursuant to a search warrant. The court held the affidavit underlying the issuance of the warrant was improper on the basis that it contained factual misstatements relating to the reliability of a “confidential informant.”
*1297 The issuance of the search warrant was predicated upon the affidavit of a detective from the Hollywood Police Department which indicated he believed marijuana was located in a certain warehouse for the following reasons:
On February 3, 1978, at approximately 1:30 p. m., a Confidential Informant, hereinafter referred to as Cl 624, accompanied by an unidentified white male, entered the warehouse described above, for the purpose of purchasing Marijuana. Upon gaining entry into the warehouse Cl 624 advised the Affiant that two unidentified while males were placing a number of compressed bales of marijuana on the floor of the warehouse for the Cl to inspect. The Cl advised the Affiant that numerous other similar bales of marijuana were observed in the rear of a blue and tan utility type truck believed to be of a Ford make. The Cl 624 and the unidentified while male who had accompanied the Cl agreed to take possession of approximately two hundred pounds of marijuana, and arrangements were made to transport same to Connecticut. The Cl and the unidentified white male then left the area. It should be noted that Cl 624 has on occasion provided this affiant and other law enforcement agencies with information that has been found to be reliable.
The “confidential informant” to whom the detective referred in the affidavit was a drug suspect who had been arrested earlier that day for conspiracy. The arrest had culminated two days of surveillance by the detective and other law enforcement officers of the suspect’s motel room. The detective had overheard the suspect admitting he had purchased ninety-eight pounds of marijuana at a warehouse containing approximately 2,000 pounds of the contraband. Following his arrest, this same individual repeated the details of the drug purchase, pointed out the warehouse where the transaction took place, and in the officer’s presence telephoned the party to whom the marijuana had been shipped, confirming its arrival.
The trial court issued the search warrant on the basis of the detective’s representations. The search was executed, resulting in Bogard’s arrest. Bogard was charged with possession of more than one hundred pounds of marijuana and paraphernalia. Appellee subsequently moved to suppress the evidence and the trial court granted the motion stating, “the affidavit gives the impression to the issuing magistrate that they have used this fellow in the past on other matters . . . which is not true.”
Appellee argues that the affidavit was misleading; that the description of “Cl 624” as a “confidential informant” was a deliberate falsehood; and that the misrepresentations vitiated the search warrant. Appellant relies upon the admonition of United States v. Ventresca, 380 U.S. 102, 108, 85 S.Ct. 741, 746, 13 L.Ed.2d 684, 689 (1965):
[Affidavits for search warrants, such as the one involved here, must be tested and interpreted by magistrates and courts in a commonsense and realistic fashion. They are normally drafted by nonlawyers in the midst and haste of a criminal investigation. Technical requirements of elaborate specificity once exacted under common law pleadings have no proper place in this area. A grudging or negative attitude by reviewing courts toward warrants will tend to discourage police officers from submitting their evidence to a judicial officer before acting.
The affidavit in this instance contained assertions relating to' the reliability of a purported confidential informant. The trial court found that these assertions were erroneous and false. A search warrant may be found invalid if the statements contained in an affidavit upon which the warrant was based are found to be erroneous. Allegations of negligence or innocent mistake, however, are insufficient. Franks v. Delaware, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978); State v. Jacobs, 320 So.2d 45 (Fla.2d DCA 1975). In Franks, the following rule was established:
[W]e hold that, where the defendant makes a substantial preliminary showing *1298 that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant’s request. In the event that at that hearing the allegation of perjury or reckless disregard is established by the defendant by a preponderance of the evidence, and, with the affidavit’s false material set to one side, the affidavit’s remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit. [Emphasis supplied]. 438 U.S. at 155-56, 98 S.Ct. at 2676-77, 57 L.Ed.2d at 672.
Appellee has plainly established that the detective’s description of “Cl 624” throughout the affidavit as a confidential informant was a false statement. In Gordon v. United States, 438 F.2d 858, 875 (5th Cir. 1971), cert. denied 404 U.S. 828, 92 S.Ct. 139, 30 L.Ed.2d 56 (1971), the term “informer” was defined as:
[A]n undisclosed person who confidentially volunteers material information of violations of the law to officers charged with enforcement of that law. As we understand the term, persons who supply information only after being interviewed by police officers, or who give information as witnesses during the course of an investigation, are not informers. [Footnotes omitted].
See also United States v. Oliver, 570 F.2d 397 (1st Cir. 1978).
The purported “informant” had not “confidentially volunteered material information of violations of the law.” Instead, he had been overheard describing a violation of the law while under surveillance, and had later repeated that information following his arrest. There had been no other occasions known to the affiant in which information had been furnished by “Cl 624.”
I conclude that the quoted portion of the affidavit was the result of substantially more than negligence or innocent mistake, that the trial judge who issued the warrant was misled by the affidavit, and that when the false assertions are stricken, the remaining content of the affidavit is insufficient to establish probable cause. The trial court was therefore correct in quashing the search warrant and suppressing the evidence.