LEIGH M. CLARK, Retired Circuit Judge.
A jury found defendant (this appellant) guilty of the felony of possession of marijuana, and the court fixed his punishment at imprisonment for seven years and sentenced him accordingly. Named in the indictment as a co-defendant was Ben Jackson, III, but on motion of this appellant in the trial court, he was granted a severance from the other defendant, and his trial proceeded against him alone. He was represented in the trial court by his retained attorney, who now represents him on appeal under the authority of his appointment to do so by the trial court.
Appellant presents three issues on appeal, which we will consider in the order presented in appellant’s brief, which issues are stated herein in the language of the captions thereof in appellant’s brief.
I
WHERE A LAW ENFORCEMENT OFFICER RELIES ON AN INFORMANT TO SUPPLY HIM WITH INFORMATION WHICH IS USED AS THE BASIS OF AN AFFIDAVIT AND THE PROCUREMENT OF A SEARCH WARRANT, IS THE DEFENDANT ALLOWED TO INTERROGATE A POLICE OFFICER CONCERNING TIME TABLES FOR HIS RECEIPT OF THE INFORMATION AND WHEN THE INFORMANT ALLEGEDLY WAS IN A POSITION TO SEE THE CONTROLLED SUBSTANCE.
In the argument in appellant’s brief under the above heading, he says that the defendant “was not allowed to ask questions of the officer obtaining a search warrant as to when information was received by him and as to when the informant was on the premises to be in a position to observe any controlled substance.” The officer to whom the reference is made was Officer John White of the Dothan Police Department, who was interrogated at length out of the presence of the jury by defendant’s attorney and briefly by counsel for the State. The trial court made only two rulings during such interrogation. One was the sustension of the State’s objection to the question by defendant’s counsel as to the name of the informant. The other is shown by the following that occurred at the conclusion of the testimony of Officer White during his interrogation out of the presence of the jury:
“BY: MR. BRACKEN [Defendant’s attorney]
“Q. When was it that your informant told you he had been in the residence and saw the marijuana?
“MR. BROWN [Counsel for the State]: I am going to object to that, Judge, if we were going to talk about the specific time. Now, if we want to say within the last three days or something like that, fine.
“THE COURT: I sustain the objection.”
*198 The witness had stated in the affidavit that he made that formed the basis for the issuance of the search warrant the following:
“Yesterday, I talked with a reliable informant. This informant has given me reliable information in the recent past, which information led to arrests and convictions of drug abusers. This informant told me that he had been inside the above listed residence within the past three days and had while there observed the above-mentioned drug [which specifically included marijuana] inside this residence and in the possession of a subject known to the informant as Ben Jackson, whose name to the affiant is otherwise unknown.”
The affidavit was made on the same day the search warrant was issued and executed. It was available to defendant’s attorney during the testimony of Officer White, as demonstrated by its introduction in evidence by the defendant as “Defendant’s Exhibit One” during defendant’s cross-examination of Officer White. Neither the defendant’s question nor the State’s objection is as clear and unambiguous as it should be for us to understand with certainty the full signification thereof, but it is clear to us that defendant would not have developed by an answer to the question any substance to any contention that the pertinent information received by the officer from the informant was so remote in time that it would not have furnished a sufficient basis for the issuance of the search warrant. Furthermore, the trial court could well have thought that the question was dangerously close to an inquiry as to the identity of the informant, which defendant’s attorney had previously attempted to obtain in his interrogation of the witness. The sustension of the State’s objection to the question was not erroneous.
II
MUST A SEARCH AND THE FRUITS THEREOF BE QUASHED WHERE THERE IS A MATERIAL VARIANCE AND [SIC, BUT WHICH WE CONSTRUE AS BETWEEN] THE AFFIDAVIT PRESENTED TO THE MAGISTRATE AND TESTIMONY GIVEN BY THE SAME OFFICER AT TRIAL ABOUT FACTS IN THE AFFIDAVIT?”
The particular issue posed by appellant is approximately the same as the question that was decided adversely to the State in McConnell v. State, 48 Ala.App. 523, 266 So.2d 328 (1972), cert. denied, 289 Ala. 746, 266 So.2d 334, which is thus summarized in headnote 1 thereof:
“Though affidavit was sufficient on its face to support issuance of such warrant, the search warrant was invalid when material statements in the affidavit were subsequently contradicted and proven erroneous, by the affiant himself, at hearing on motion to suppress and at trial.”
To bring the question now under consideration into proper focus, we now quote the verified information contained in the affidavit in the instant case in its entirety:
“... personally appeared John White who, being duly sworn, deposes and says that he has reason to believe that on the premises located at 405 Alabama Avenue, Apartment B, Dothan, Houston County, Alabama, or its Police Jurisdiction, there is now being concealed certain property, namely Marijuana and other Narcotic Drugs, which are illegally kept, used and/or sold and that the fact tending to establish the foregoing grounds for issuance of a Search Warrant are as follows: T am John White of the Dothan Alabama Police Department assigned to Criminal Investigation Division, presently working with drug violations.’ ‘Yesterday, I talked with a reliable informant. This informant has given me reliable information in the recent past, which information led to arrests and convictions of drug abusers. This informant told me that he had been inside the above listed residence within the past three days and had while there observed the above mentioned drugs inside this residence and in the possession of a subject known to the informant as Ben Jackson, whose name to the affiant is otherwise unknown.’ ”
In appellant’s brief, several instances of asserted variances between the affiant’s af *199 fidavit and his testimony on the trial of the case are relied upon by appellant. As to some of them, we question whether they are variant from the affidavit. In some, however, there was variance from the affidavit, particularly in the fact that, according to the affidavit, affiant talked with the informant the day before the affidavit was made, but in his testimony he answered “Yes” to the following question of defendant’s counsel:
“And then immediately after talking to this informant, you had the affidavit typed up, you went to Judge Waddell’s office and swore to it, and immediately went then and executed it on 12:05 on the 23rd?”
In our opinion, none of the apparent discrepancies between testimony of Officer White and the facts stated in his affidavit justifies the conclusion that there was a material variance as determined by McConnell v. State, supra, or any of the cases cited by appellant. We hold that the trial court was correct in overruling defendant’s motion to suppress the evidence pertaining to the “search and the fruits thereof.” We adhere to what was said in Richardson v. State, Ala.Cr.App., 376 So.2d 205, 214 (1978):
“In United States v. Thomas, 489 F.2d 664, the Fifth Circuit Court of Appeals adopted the standards to be used in evaluating affidavits which are alleged to contain misrepresentations. Evidence should be suppressed where either of the following occurs:
“ ‘... (1) an intentional misstatement by an affiant-agent, whether material or immaterial to showing probable cause; or (2) a negligent or unreasonable assertion in an affidavit if material to showing probable cause, but not where (3) the mistake is innocent, even if material to probable cause.’

In fairness to both Officer White and appellant’s attorney, it should be noted that there is no contention by appellant’s attorney that Officer White intentionally made a false statement either in the affidavit or in his testimony.
Ill
“IS THE DEFENDANT ENTITLED FOR A DEFINITION OF MARIJUANA THAT UNDER THE LAW OF ALABAMA BE [SIC, WHICH WE CONSTRUE AS THE] MATURE STALK AND UNGERMANATED [SIC, WHICH WE CONSTRUE AS UNGERMINA-TIVE] SEEDS ARE NOT A CONTROLLED SUBSTANCE, NOT INCLUDED IN THE TERM MARIJUANA AND NOT ILLEGAL?
This, the last issue presented by appellant, pertains to a part of the proceedings after the case had been submitted to the jury and the jury had retired to the jury room, which we now quote in pertinent part:
“MR. BRACKEN: The defendant requested the charge of the definition of what marijuana consists of which excludes the material stock of the plant and the ingeminated seeds.
“THE COURT: And the Court denied that request at that time.”
“In support of appellant’s contention, he cites Code of Alabama 1975, § 20-2-2(15), which provides:
“MARIHUANA. All parts of the plant Cannabis Sativa L., whether growing or not, the seeds thereof, the resin extracted from any part of the plant and every compound, manufacture, salt, derivative, mixture or preparation of the plant, its seed or resin. Such term does not include the mature stalks of the plant, fiber produced from the stalks, oil or cake made from the seeds of the plant, any other compound, manufacture, salt, derivative, mixture or preparation of the mature stalks (except the resin extracted therefrom), fiber, oil or cake or the sterilized seed of the plant which is incapable of germination.”
We agree with appellant that in a close case, such as this one may have been, as to whether the marijuana possessed by defendant was for his personal use only, a *200 misdemeanor, as distinguished from the felony for which he was convicted, evidence that a material part of the marijuana was not a controlled substance would have made appropriate an instruction as to the parts of the marijuana that are not contraband. The jury was fully instructed as to the misdemeanor offense and charged in effect that if it did not find that the defendant was guilty of the felony of possession of marijuana as charged in the indictment, “then your next inquiry will be whether or not he is guilty of the lesser included offense of possession of marijuana for his own personal use.”
There was no evidence in the instant case that any of the marijuana was not a prohibited substance. The expert who testified as to his chemical analysis of the marihuana that defendant was charged with possessing testified in pertinent part:
“Q. Was it the normal kind of plant material that contains stalks and stems and seeds and vegetable material?
“A. Yes, sir.
“Q. And when you made your weigh did you weigh the entire plant material and the stems and stalks; did you weigh everything?
“A. There were no stalks present in this example, but there were several stems and seeds and yes, they were all weighed, yes, sir.”
For the court to have injected into its instructions to the jury any reference to “mature stalks of the plant” would not have been warranted by the evidence. For it to have acceded to defendant’s request to the effect that “the definition of what marijuana consists of which excludes ... the inger-minated seeds” would have been contrary to the law that excludes “the sterilized seed of the plant which is incapable of germination.” What we have just said suffices, we think, for a proper rejection of appellant’s third and last contention, and we pretermit as unnecessary a discussion of any other reasons why his contention is not well taken.
No error prejudicial to defendant is shown in any of the issues raised on appeal. The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.