538 So.2d 137 (1989)
Juan HERNANDEZ, Appellant,
v.
The STATE of Florida, Appellee.
Nos. 86-3017, 86-3018.
District Court of Appeal of Florida, Third District.
February 14, 1989.
*138 Bennett H. Brummer, Public Defender, and Marti Rothenberg, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Debora Turner, Asst. Atty. Gen., for appellee.
Before HUBBART, FERGUSON and LEVY, JJ.
LEVY, Judge.
Defendant Juan Hernandez appeals his conviction for attempted trafficking in cocaine and his subsequent probation revocation, claiming that the facts in the affidavit in support of the search warrant for his residence did not establish probable cause.
The affidavit was based upon the sworn statement of a named informant, made after the informant was arrested for the sale of cocaine. The informant had agreed to cooperate with the police, identified Hernandez as the source of the cocaine, and stated that Hernandez "still had approximately a pound of cocaine at his house." The magistrate issued a search warrant for Hernandez's home based upon the affidavit and Hernandez was arrested after the search of his home revealed cocaine and narcotics paraphernalia.
Hernandez argues that the cocaine and paraphernalia should have been suppressed because the affidavit was insufficient to establish probable cause for the issuance of a search warrant under the totality of the circumstances test outlined in Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527, reh'g denied, 463 U.S. 1237, 104 S.Ct. 33, 77 L.Ed.2d 1453 (1983). Specifically, Hernandez argues that 1) the affidavit lacked sufficient indicia of reliability to enable the magistrate to assess the credibility of the informant, and 2) the affidavit failed to allege a specific time frame when the drugs were observed at the house, and thus was insufficient to establish probable cause that an illegal activity was occurring.
We disagree. As to Hernandez's first contention, the named informant had just been arrested for his participation in a drug deal, and his sworn statement obviously would be admissible against him in any subsequent prosecution for the sale and/or possession of cocaine. As the United States Supreme Court recognized in U.S. v. Harris, 403 U.S. 573, 583-84, 91 S.Ct. 2075, 2082, 29 L.Ed.2d 723, 734 (1971):
"Common sense in the important daily affairs of life would induce a prudent and disinterested observer to credit these statements. People do not lightly admit a crime and place critical evidence in the *139 hands of the police in the form of their own admissions. Admissions of crime, like admissions against proprietary interests, carry their own indicia of credibility  sufficient at least to support a finding of probable cause to search. That the informant may be paid or promised a `break' does not eliminate the residual risk and opprobrium of having admitted criminal conduct."
Because the named informant's statement was against his penal interest, it constitutes a sufficient indicia of reliability upon which the magistrate could assess the veracity of the tip, and supports the magistrate's finding of probable cause for the issuance of the search warrant. U.S. v. Harris, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971); State v. Jacobs, 320 So.2d 45 (Fla. 2d DCA 1975); State v. Patterson, 309 So.2d 555 (Fla. 2d DCA 1975). Cf. Vasquez v. State, 491 So.2d 297 (Fla. 3d DCA), rev. denied, 500 So.2d 545 (Fla. 1986) (affidavit stating that confidential informant received cocaine from premises and that additional cocaine was at premises held insufficient to support search warrant where informant was not named and did not swear as to the facts); Blue v. State, 441 So.2d 165, 168 (Fla. 3d DCA 1983) (affidavit stating that confidential informant obtained marijuana from premises and that additional marijuana was at premises held insufficient to support search warrant and found not an act "against the informant's penal interest so as to allow a magistrate to find [the informant's tip] trustworthy.").
We also reject Hernandez's "time factor" contention since the affidavit clearly states that the informant advised the police that Hernandez "still had" cocaine at his residence.
Because we affirm the trial court's judgment and conviction on the substantive offense of trafficking in cocaine, the conviction on Hernandez's probation violation case which was based upon the substantive trafficking offense is also affirmed.
Finally, the state acknowledges that under Varela v. State, 530 So.2d 960 (Fla. 2d DCA 1988) and Atwater v. State, 519 So.2d 611 (Fla. 1988), the trial court erred in basing its guidelines departure upon the quantity and quality of drugs. Accordingly the case is reversed as to the sentence on the substantive case which exceeds the sentencing guidelines, and is remanded for resentencing within the guidelines.
AFFIRMED IN PART; REVERSED IN PART, AND REMANDED.