STONE, Judge.
We reverse an order quashing a search warrant and suppressing evidence obtained incident to the resulting search.
Initially, Judge Susan Lebow issued a warrant, which has not been challenged, to search Appellees’ residence. The warrant was based on Detective Hassett’s application claiming probable cause to believe that a search would uncover evidence of Appellees’ sexual exploitation of minors. The affidavit alleged that the suspects fit an expert’s profile of persons involved in various aspects of child pornography. The affidavit was founded on a minor female victim’s statement disclosing that: she spent considerable time with Appellees, hanging out at their home and staying over night; they gave her money, jewelry and other gifts and promised her a car; they encouraged her to quit her after-school job and get a job as a dancer or cocktail waitress in a bar, promising to get her a fake ID; on one occasion Appellees had her wear see-through “teddy” outfits without underclothing, had her perform and remove her clothing, removed their own clothing and danced nude with her, served her alcohol and marijuana, had her dance nude on a table, and videotaped her dancing. The erotic nature of the incident is further demonstrated by the victim’s statement that during the event Appellee Yohai had erections. Appel-lees also showed her a videotape of another girl about her age dancing on the same table and also in bed, nude, and having intercourse with Yohai. They also played back for her the videotape of the victim dancing. The next morning she woke up with Yohai holding her down and kissing her. This was not the first time they had given her alcohol to drink or had marijuana in her presence, which they encouraged her to use. Arrest warrants were also issued.
The following day, the same detective presented another affidavit to the same judge seeking a search warrant for a warehouse in a strip center. The affidavit included reference to the search and arrest warrants issued and executed the previous day, and provided that:
*1043 On 7/29/92, Your affiant executed a search warrant and two (2) Arrest Warrant [sic] at 5957 SW 36 Court, Town of Davie, FL. During the execution of the Arrest Warrants, Moreno Yohai and Dawn Guertin were arrested. The execution of the Search Warrant resulted in marijuana, drug paraphernalia and cocaine were seized [sic] along with XXX rated magazines, video tapes, camera equipment, TV’s, VCR’s and photos.
On 7/30/92, Your Affiant was contacted by Angela Newland, a friend of the above arrested defendants, who had been babysitting her infant daughter at the time the warrant was executed. Ms. Newland gave a sworn statement to Your Affiant and advised that she was contacted by employees of Moreno Yohai and told that Dawn Guertin had phoned them from jail and requested that they go to Yohai’s warehouse, located at 3650 SW 64th Avenue, Davie and remove video tapes that they had placed into that warehouse. The tapes were allegedly in a cooler inside of this warehouse. These employees further advised Ms. Newland that Dawn Guertin had instructed them to bring the tapes to her for safekeeping. Ms. Newland advised that she believed these are the tapes that we were looking for in the original search warrant. She believed the video tapes had been placed by the defendants into this warehouse after the defendants had been warned that the victim had made a police report concerning the child abuse that had taken place while she resided in the defendants home. Ms. Newland also stated that she has been told by two juvenile victims that the defendants had provided drugs and alcohol to them as well as video taped these juveniles while they were dancing nude at the defendants residence.
Judge Lebow, finding probable cause, issued the second search warrant. While the police were conducting the search, Appellees’ employees showed up claiming that Yohai had called from jail and instructed them to pick up materials. They did not have a key. The officers found two video tapes, as described by Mrs. Newland, in a cooler. Appellees acknowledged at the suppression hearing that the warehouse was theirs and was used to store business and personal belongings.
The trial court held that there was no probable cause for Judge Lebow to issue the second warrant because of a lack of demonstrably adequate police investigation into the accuracy of their information, and because there was no indication that the first application and warrant were considered by the judge in issuing the second warrant. The court also reasoned that there was an insufficient causal connection between the house and the warehouse to support a search of the warehouse. The court did not deem applicable the “good faith” exception, set out in United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), finding that the facts were insufficient for the issuing judge to rely on in weighing the credibility of the informant or the accuracy of her information.
It was error to grant the motion to suppress because, under the totality of the circumstances, the judge issuing this warrant could find sufficient probable cause for the warrant. The affidavit in support of the application for the second warrant makes specific reference to the earlier warrants, search, and arrests. There is no reason on this record for the trial court to conclude that Judge Lebow was not cognizant of the basis for the first search warrant when issuing the second.
Further, although the second affidavit is founded on hearsay, the circumstances support a conclusion of reliability. Appellees were actually babysitting for the informant’s child at the time of the search and their arrest. This is not a case involving a confidential government informant or an anonymous tip. We cannot conclude that a reasonable magistrate presented with the information in the second affidavit is required to reject the warrant application under these circumstances. Additionally, the witness was clear and specific as to her credible sources of information. See State v. Vignone, 570 So.2d 1112 (Fla. 5th DCA 1990).
The determination by the issuing judge that there is probable cause is entitled to a presumption of correctness. E.g., Bonilla v. State, 579 So.2d 802 (Fla. 5th DCA 1991). The record demonstrates that the issuing judge did have a substantial, reasonable and *1044 reliable basis for concluding that a search would uncover evidence of the crimes alleged. See Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); U.S. v. Harris, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971); Hernandez v. State, 538 So.2d 137 (Fla. 3d DCA 1989); State v. Robinson, 460 So.2d 440 (Fla. 5th DCA 1984), cert. dismissed, 464 So.2d 555 (Fla.1985).
Granted, the affidavit could certainly have been more artfully worded by explicitly incorporating the earlier affidavit and warrants. Nevertheless, it was sufficient, particularly given the references to the earlier search and Appellees’ arrest pursuant to the accompanying warrants.
Additionally, although the warrant was broadly worded as to a multiplicity of items sought, it was clear and specific as to the seized evidence which is the subject of the motion to suppress.
The argument of inevitable discovery is also raised on appeal. However, there is a question whether that argument was asserted in the trial court. In any event, we need not reach that issue.
Therefore, the order granting the motion to suppress is reversed and the cause remanded for further proceedings.
WARNER and FARMER, JJ., concur.