# Williams *v.* The State.

### *Violating Prohibition Law.*

(Decided February 11, 1913.   Rehearing denied June 6, 1913.
62 South. 371.)

1. *Intoxicating Liquors; Statutory Provision.*—Section 24, Acts 1909, p. 86, is constitutional, notwithstanding there is no purpose or intention on the part of the party carrying such liquors, to use them, except in such way as the law permits.

2. *Criminal Law; Corpus Delicti; Confessions.*—The corpus delicti, or the fact that an offense has been committed, must be shown independent of the confession of the defendant, but not defendant's connection with such offense, and hence, a charge was improper that required an acquittal, unless the evidence other than defendant's confessions established beyond a reasonable doubt not only the corpus delicti, but also defendant's guilt.

APPEAL from Elmore Circuit Court.

Heard before Hon. W. W. PEARSON.

George Williams was convicted of transporting liquor for another through the streets of a city or town, and he appeals.   Affirmed.

H. J. LANCASTER and GEORGE L. SMOOT, for appellant. Section 24 of the Fuller Bill is unconstitutional for the reasons pointed out in the demurrer to the indictment. —*Edge v. City of Bessemer,* 164 Ala. 599; 6 L. R. A. 847; 123 U. S. 661.   The indictment was bad as charging different offenses in the alternative, and failing to

charge an offense in one alternative.—*Raisler v. State,*
55 Ala. 64; *Watson v. State,* 140 Ala. 134. Charges 1
and 2 should have been given.—*Johnson v. State,* 142
Ala. 1; *Harden v. State,* 109 Ala. 50. Charge 4 should
have been given.—*Winslow v. State,* 76 Ala. 42, and
authorities supra; *Calvert v. State,* 165 Ala. 9.

R. C. BRICKELL, Attorney General, and W. L. MARTIN,
Assistant Attorney General, for the State. No excep-
tion was reserved to the action of the court in overrul-
ing the demurrers, and that question is not here pre-
sented.—*Bolling v. State,* 78 Ala. 469; *Thomas v. State,*
150 Ala. 31. No error is shown in the rulings on the
evidence or in refusing the charges requested.

WALKER, P. J.—One of the charges against the de-
fendant (appellant here) was that he "did convey or
transport over or along a public street or highway in the
town of Wetumpka, Alabama, for another," prohibited
liquors. This charge imported no more than a carriage
of prohibited liquor by the defendant for another over
or along such street or highway, whether or not there
was any intent on the part of the defendant or of the
person for whom the liquor was carried to put it to an
unlawful use. As the charges were made in the alter-
native, the defendant sought to support the claim that
the complaint failed to charge the commission of any
criminal offense (*Watson v. State,* 140 Ala. 134, 37
South. 225) by the suggestion of the constitutional in-
validity of the statute (Acts of Ala. 1909, p. 86, § 24)
which undertakes to deprive one of the right to do for
another what the latter could lawfully do for himself by
making it a crime to carry for another over or along
any public street or highway prohibited liquor in regard
to which there is no other intention or purpose than to

use it in such way as the law permits. The entertainment of that suggestion by this court is foreclosed by the ruling made by the Supreme Court in the case of *George Williams v. State,* 60 South. 903.

Under written charge 4 requested by the defendant, an acquittal would have been required unless from the evidence in the case, other than that as to confessions made by the defendant, the jury believed beyond a reasonable doubt, not merely that the corpus delicti had been proved, but that the defendant was guilty of the charge made against him. Evidence of confessions would be susperfluous if the law did not permit the jury to convict unless the other evidence in the case was sufficient to satisfy them beyond a reasonable doubt of the defendant's guilt. It is the corpus delicti, the fact that the offense has been committed, not the defendant's connection with it, which is required to be proved by evidence independent of any confession made by him. The charge mentioned was properly refused, as were the other charges requested by the defendant.

Affirmed.

*Violating Prohibition Law.*

