314

98 So.2d 618

**Commodore C. ELLIOTT**

v.

**STATE.**

8 Div. 134.

Court of Appeals of Alabama.

Oct. 15, 1957.

Rehearing Denied Nov. 19, 1957.

Hoyt Long, Guntersville, for appellant.

John Patterson, Atty. Gen., and Robt. P. Bradley, Asst. Atty. Gen., for the State.

PRICE, Judge.

Appellant was convicted generally under an indictment charging, in two counts, manufacturing prohibited liquors and the illegal possession of a still to be used for the purpose of distilling prohibited liquors or beverages.

The State's evidence tended to show that several law enforcement officers raided a still in Marshall County on August 10, 1955, and arrested defendant. The still was in operation, whiskey was running from it into a lard can which contained about five gallons of whiskey. There were four 60-gallon drums full of mash and 100-pound sack of sugar nearby.

Three of the officers testified at the trial. None of them saw the defendant working at the still. Two of the witnesses said they were behind some of the officers and when they first saw the defendant he was standing in the still vicinity. The third officer testified the defendant was sitting beside the still.

Mr. Baker, an A. T. U. investigator, testified defendant, at the time of arrest, admitted the still was his. Mr. Baker and Mr. Massey, the Sheriff, testified defendant signed a statement in the sheriff's office admitting the still belonged to him and that he had run off five gallons of whiskey.

Defendant's evidence was to the effect that he was not the owner or operator of the still; that he had spent the night with relatives, and was going through the woods to his home, some three miles away, to feed his hogs when he discovered the still. As he approached it he saw two people run away; that he found the whiskey and drank enough of it to make him drunk. He fell asleep and the officers woke him when they came; that he was under the influence of whiskey when he signed the statement at the sheriff's office and he admitted ownership of the still because he was told he would have to claim it because he was the only person at the still.

In rebuttal the officers testified defendant had probably had a drink or two but he was not drunk at the still and that he was sober when he signed the statement at the sheriff's office.

■ It is appellant's contention that the confessions of the defendant were made under duress and while the defendant was under the influence of whiskey, and that there was not sufficient evidence to justify a conviction.

Proper predicate was laid for the admission in evidence of the confessory statements.

In Smith v. State, 25 Ala.App. 297, 145 So. 504, 505, the court said:

"The rule, as we understand it, is that intoxication less than mania does not exclude a confession made during its continuance; if claimed and proved, it only goes to the weight and credibility to be accorded by the jury to the said confession. See 16 C.J. 729; Eskridge v. State, 25 Ala. 30; and Bell v. United States, 60 App.D.C. 76, 47 F.2d 438, 74 A.L.R. 1098."

"A confession in connection with the proof of the corpus delicti will support a conviction. Young v. State, 68 Ala. 569; Martin v. State, 90 Ala. 602, 8 So. 858." Minton v. State, 20 Ala.App. 176, 101 So. 169, 171.

"It is the corpus delicti, the fact that the offense has been committed, not the defendant's connection with it, which is required to be proved by evidence independent of any confession made by him." Williams v. State, 8 Ala.App. 394, 62 So. 371, 372.

■ The evidence presented questions for the jury and was sufficient to sustain the judgment of conviction. The defendant's request for the affirmative charge, as well as the motion to exclude the evidence, was properly refused. No error was committed in denying the motion for a new trial.

It is also insisted in brief that the trial court erred in failing to rule on the demurrer to the indictment.

The record shows that a demurrer to count one of the indictment was filed in the court on October 26, 1956, by H. T. Foster and Hoyt Long, as attorneys for defendant. The judgment recites that trial was had on the 27th day of November, 1956, and that defendant had theretofore been arraigned and had plead not guilty to the charges contained in the indictment. The judgment further recites that Mr. Foster, with the court's consent, withdrew his appearance.

On the trial the defendant conducted his own defense until examination of the State's second witness had begun, whereupon Mr. Long stated to the court that he had just been employed and asked that his appearance for defendant be entered. It nowhere appears that the demurrer was ever called to the court's attention until after the State had presented its evidence in chief, when defense counsel moved that the indictment be quashed "in view of the demurrers."

■ A demurrer is waived by proceeding to trial without a ruling thereon. American Mortg. Co. of Scotland v. Inzer, 98 Ala. 608, 13 So. 507; Alabama Midland Ry. Co. v. McDonald, 112 Ala. 216, 20 So. 472.

■ And by appearing and pleading to the indictment the defendant waived any alleged irregularities appearing therein. Ennis v. State, 37 Ala.App. 716, 76 So. 2d 183.

There being no reversible error in the record, the judgment is affirmed.

Affirmed.