Roy Edward Hepstall was indicted by a Mobile County Grand Jury in September, 1981 for rape in the first degree and for sodomy. The charges, which were consolidated for trial, were tried by a jury on November 18, 1981. The jury returned verdicts of guilty of rape in the first degree as charged and guilty of sexual misconduct, a lesser included offense of the sodomy charge. The trial court entered judgments in accordance with the jury verdicts, and sentenced appellant to 10 years in the penitentiary on the rape charge and to 12 months in the county jail on the second charge to run concurrent with the felony conviction. This appeal follows.
The incidents forming the basis of the charges in this case occurred at Dauphin Island during the late evening hours of July 12, 1981, and the early morning hours of July 13, 1981. The prosecutrix, a college student, was at Dauphin Island for the purpose of taking a class at the Marine Consortium. She had attended a party from 8:30 to 10:30 that evening and was riding a bicycle to her dormitory. The bicycle became difficult to pedal so she pushed it. She stopped by a bar, the Neptune, to get a drink of water and to ascertain if she could see anyone she knew who could give her a ride to the dormitory. She found no one to give her a ride so she decided to leave, walking the bicycle to the dormitory, because the people she saw outside the Neptune were "smoking drugs."
As the prosecutrix was leaving the Neptune appellant, whom she testified she did not know, came up to her and told her he lived in the same vicinity as the dormitory and offered to walk with her and to push the bicycle for her. She accepted his offer and they started walking. It was then shortly after midnight.
During the walk, appellant stopped at a road where he said he lived and suggested that he and the prosecutrix go to his house so his roommate could take her and the bicycle on to the dormitory in the roommate's car. She declined the offer, and appellant then decided that he was mistaken as to the road on which he lived. They continued the walk, during which time appellant "turned the conversation around to sex."
During the continuation of the walk, appellant stopped and said, "Let's rest," pulling the bicycle from between them and laying it on the ground. Appellant then attacked the prosecutrix and she began to cry and scream. He put his hand over her mouth and pulled or dragged her off the side of the road, forcing her to take off her clothes and to lay down on the ground. *Page 225 
Appellant forced her "to have oral sex and receive oral sex." The prosecutrix freed herself from appellant and ran, but she fell and he overtook her. He then forced her to the side of the road and began having sex with her again.
The prosecutrix coaxed appellant to go with her to the dormitory on the pretense that her roommate would not be there and they would be alone. On the way to the dormitory, within sight of the ferry dock, appellant dropped the bicycle and told the prosecutrix "in no uncertain terms" to lie down on the ground, and he made her "have sex in a very strange position." After he finished, he inquired as to what kind of birth control she had. She replied that she was not on any birth control, and that she needed to get to the dormitory soon so she could take preventive measures to prevent becoming pregnant. Appellant permitted her to leave and she returned to the dormitory where she reported the incident.
 I
Appellant urges error on the part of the trial court in refusing to give two of his requested written charges. We have reviewed the court's oral charge and are convinced that the matters raised in the refused requested charges were adequately covered by the trial court's instructions.
Refusal to give requested jury instructions does not constitute prejudicial error when the principles of law embraced therein are substantially and fairly covered elsewhere in the trial court's instructions. Lamberth v. State,380 So.2d 923 (Ala. 1979).
The trial court did not act improperly in refusing requested charge number five and charge number six.
 II
Appellant contends in brief and on oral argument that the verdict of guilty of rape in the first degree and the verdict of guilty of the lesser included offense of sexual misconduct are contradictory and inconsistent verdicts. These offenses were charged in separate indictments, arose out of the same set of facts, and were tried simultaneously.
The indictments charge two separate offenses: (1) rape in the first degree and (2) sodomy in the first degree. The jury could have returned guilty verdicts of a lesser included offense under either indictment upon proper proof and instructions.
The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not. Brown v.State, 367 So.2d 557 (Ala.Cr.App. 1978), cert. denied,367 So.2d 559 (Ala. 1979). The rape statute requires proof of an additional fact, i.e., sexual intercourse; and the sodomy statute requires proof of an additional fact, deviate sexual intercourse.
Appellant claims inconsistency in that rape requires proof of forcible compulsion while sexual misconduct evidences lack of forcible compulsion, leading to the conclusions that the jury found a lack of forcible compulsion and that, therefore, the jury could not have returned a verdict of guilty on the rape charge. We find this contention to be wholly without merit. According to the testimony of the prosecutrix, the incident occurred over an approximate two-hour period, and consisted of several sexual assaults of various kinds. We find ample and sufficient evidence in the record to sustain the jury's findings.
 III
Appellant urges that the State failed to prove penetration, a material element of the rape charge. The record does not substantiate this argument.
The direct examination of the prosecutrix contains the following:
 "Q. Go back up. When you had this sexual intercourse with the defendant, was that done with your consent?
"A. No."
And on cross-examination: *Page 226 
 "Q. How did he have his hands on you? Hold yours up and show the ladies and gentlemen of the jury how he had his hands on you.
 "A. He had large hands and they fit around my neck (indicating).
"Q. Did you stop breathing at any time?
"A. Yes, I did.
 "Q. While he was choking you or was that when you testified when he was raping you that you kept passing out and coming back to?
 "A. I would pass out and come back to during the — during the intercourse."
The physician, who examined the prosecutrix shortly after the incident, testified that his examination of her "showed that there had been recent intercourse."
Additionally, there was other sufficient evidence to justify the jury's conclusion relative to this issue.
 IV
Finally, appellant complains that the rape statute is unconstitutional in that it excludes women as possible offenders, that is, it provides an unconstitutionally discriminatory classification based on sex, in violation of the equal protection clause of the Fourteenth Amendment to the United States Constitution.
This court has previously considered this issue in Smith v.State, 409 So.2d 455 (Ala.Cr.App. 1981), wherein it was held:
 "It is our decision that Section 13A-6-61, Code of Alabama 1975, is not unconstitutional due to its alleged discriminatory treatment of males because the punishment prescribed therein was reasonably designed to deter and control a specific and serious problem of legitimate concern to the citizens of this state."
For the reasons stated, the judgment of the trial court is due to be affirmed.
AFFIRMED.
All the Judges concur.