BOWEN, Judge.
The defendant was indicted and convicted for theft in the second degree. Alabama Code 1975, Section 13A-8 — 4.
The indictment, in pertinent part, charges as follows:
“Sarah Garner, ... did obtain by deception, control of, to-wit, food stamps valued at to-wit $222.00 in U.S. currency, the property of the State of Alabama, said deception being as follows, to-wit: the said Sarah Garner created a false impression or failed to correct, while having the duty to correct, a false impression of Joyce Dailey, an Agent of the Montgomery County Department of Pensions and Security in that she represented that her household net income, used to calculate food stamp eligibility, was to-wit, $0.00 during the months of April 1980 through July 1980.”
“A person commits the crime of theft of property if he: ... (k)nowingly obtains by deception control over the property of another, with intent to deprive the owner of his property.” Section 13A-8-2(2). The omission of the element of intent renders the indictment void. McCord v. State, 79 Ala. 269 (1885); Barbee v. State, 417 So.2d 611 (Ala. Cr. App., 1982).
Generally, a defendant waives any irregularities in the indictment by entering a plea of not guilty. Harrison v. State, 384 So.2d 641, 643 (Ala. Cr. App. 1980). However, in filing her written plea of not guilty and waiver of arraignment, the defendant “specifically and expressly reserve(d) the right upon the filing hereof to hereafter, but before trial or before such date as may be set by the court, to interpose any special pleas or demurrer which the defendant had the right as a matter of law to interpose in this cause, prior to the filing hereof.”
The defendant’s “motion to quash, dismiss, demurrer to, or set aside indictment” should have-been and was due to be granted.
The judgment of the circuit court is reversed and the cause remanded.
REVERSED AND REMANDED.
All Judges concur.