On March 5, 1982, the Jefferson County Grand Jury indicted appellant, Kenneth Ray Gray, on a charge of robbery in the first degree. He was found guilty as charged in the indictment and sentenced to *Page 165 
life imprisonment without parole pursuant to the Habitual Felony Offender Statute.
On November 18, 1981, at about 5:30 p.m., Tony McCarthy, an attendant at a downtown parking lot in Birmingham, was robbed of $13.80 by a man carrying a gun. After taking the money the man said to him, "You know this is a sawed off shotgun," and fled.
McCarthy provided the police with a description of the robber, and three days later Sergeant Tommy McDonald of the Birmingham Police Department, showed him a group of six photographs from which McCarthy identified appellant as the robber. McCarthy also made a positive identification of appellant as the robber at trial.
Sergeant McDonald included appellant's picture in the photographic lineup because appellant fit the description given him by McCarthy, as well as the description of the perpetrator of another robbery in the same vicinity. He matched the remaining photographs to appellant's physical appearance as depicted in the photograph.
Appellant alleges that during the State's closing argument the prosecutor made a remark that was so prejudicial to him that it amounted to a denial of his right to a fair trial. The alleged comment was, "The police already had photographs of the defendant." Appellant contends that this remark was a subtle way of apprising the jury of his prior criminal record. There was, however, no objection to any portion of the prosecutor's argument and hence, no record preserved for review.
As a general rule, matters not objected to at trial will not be considered on appeal. Wood v. State, 416 So.2d 794
(Ala.Cr.App. 1982); Moore v. State, 415 So.2d 1210 (Ala.Cr.App. 1982). More specifically, in Yates v. State, 390 So.2d 32, 35
(Ala.Cr.App. 1980), this court reiterated that: ". . . improper argument of counsel is not a ground for a new trial or subject to review on appeal unless there is due objection by counsel or a motion to exclude, an adverse ruling thereon by the court, or a refusal of the trial court to make a ruling." (Citation omitted.)
An exception to the general rule was noted in Anderson v.State, 209 Ala. 36, 95 So. 171 (1922), wherein the court held that where an argument is so grossly improper and highly prejudicial that neither retraction nor instruction by the trial court could destroy its damaging effect that no objection is required to preserve the issue.
In the case before us testimony at trial revealed that appellant had been arrested for shoplifting, so that the jury was aware of appellant's prior contact with the police before closing arguments. For this reason, and because the remark was both subtle and indirect, we find that the alleged comment of the prosecutor was not incurable, and without an objection was not preserved for our review.
Appellant contends that in sustaining the prosecutor's objection to defense counsel's closing argument the jury was misled and confused as to the legal standard of proof they were to apply to the case.
The following occurred during defense counsel's closing argument:
 "DEFENSE COUNSEL: If you don't find he is guilty, if you are not absolutely sure beyond a reasonable doubt he is guilty, you must return a verdict of not guilty.
 "PROSECUTOR: Your Honor, I object to that statement by counsel. It's an incorrect statement of the law. Request the Court to so instruct this jury.
 THE COURT: Ladies and gentlemen, I will charge you as to what the actual law is at the proper time, and let me caution you this, the statement of these lawyers, either one of them is not evidence and you are not to consider it as evidence. And as to the law, I will charge, I will charge you as to the proper law."
The trial judge stated the following in his oral charge to the jury: ". . . . the burden is on the State of Alabama to convince you from the evidence beyond a reasonable doubt and to a moral certainty that the *Page 166 
defendant is guilty as charged in this indictment before you can convict him."
We find that the State's objection was well founded and the trial court's instruction to the jury was proper. There is no requirement of "absolute" proof of guilty of an accused.Whatley v. State, 91 Ala. 108, 9 So. 236 (1891). The standard enunciated by the court in Snoddy v. State, 20 Ala. App. 168,175, 101 So. 303, 309 (1924), was the following: "The only burden resting on the state in this regard [degree of proof] is that the evidence should be so strong as to convince the jury of the guilt of defendant beyond a reasonable doubt."
Finally, appellant argues that since the robbery victim stated that he did not know the difference between a shotgun and a rifle that the jury based its verdict upon an erroneous indictment charging that appellant was armed with a shotgun.
The indictment against appellant stated the following:
 "KENNETH RAY GRAY, whose name is to the Grand Jury otherwise unknown, did, in the course of committing a theft of Thirteen Dollars and Eighty Cents of the lawful currency of the United States of America, a more particular description and denomination of which is to the Grand Jury otherwise unknown, the property of Tony McCarthy, threaten the imminent use of force against the person of Tony McCarthy, with the intent to compel acquiescence to the taking of or escaping with the property, while the said KENNETH RAY GRAY was armed with a deadly weapon, a sawed off shotgun, in violation of § 13A-8-41 of the Alabama Criminal Code."
This indictment was proper in form and substance and was sufficient to acquaint appellant with the crime charged, as well as to apprise him of what he must be prepared to defend against. Hardy v. State, 409 So.2d 996 (Ala.Cr.App. 1982);Andrews v. State, 344 So.2d 533 (Ala.Cr.App.), cert. denied,344 So.2d 538 (1977). The allegation essential to a charge of robbery in the first degree was that appellant was armed with a deadly weapon, not whether that weapon was a shotgun or a rifle. The clause in the indictment describing the weapon as a shotgun was thus surfeit. Aside from the victim's lack of knowledge about the differences between a shotgun and a rifle there was no evidence adduced at trial contradicting the victim's testimony that the weapon was a sawed-off shotgun. In addition, in Stringer v. State, 372 So.2d 378, 380
(Ala.Cr.App.), cert. denied, 372 So.2d 384 (Ala. 1979), we held the following:
 "Ordinarily one waives any irregularities in the indictment by appearing and pleading in the trial court, and a plea to the merits is considered as an admission of a valid indictment. Johnson v. State, 49 Ala. App. 389, 272 So.2d 597 (1973); Elliott v. State, 39 Ala. App. 314, 98 So.2d 618 (1957). . . ."
In a pro se brief filed in addition to counsel's brief appellant alleges that his attorney failed to provide him with adequate representation at trial and that the Habitual Felony Offender Statute was applied to his case in a discriminatory manner.
Appellant contends that his attorney failed to provide him with effective representation in the following ways: (1) he failed to contact and subpoena alibi witnesses; (2) he failed to interview prosecution witnesses and otherwise conduct a proper investigation of the case; (3) he failed to adequately interview appellant; (4) he failed to prevent pretrial and in-court identification testimony from being placed in evidence; instead relying upon cross-examination to attack the reliability of the testimony; (5) he made a tactical error in keeping defendant from testifying on his own behalf; (6) he tendered an inaccurate statement of the law to which the State objected, and (7) Officer McDonald committed perjury when he stated that he never interviewed appellant, as he had in fact interviewed him.
It is well established that every person accused of a crime is entitled to *Page 167 
effective assistance of counsel in defending himself. Taylor v.State, 291 Ala. 756, 287 So.2d 901 (1973); Powell v. Alabama,287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932). The court, inHarris v. State, 367 So.2d 524, 530, cert. denied,367 So.2d 534 (Ala. 1979) proffered the following standard for determining whether counsel was effective: "[T]he duty of counsel, retained or appointed, is to prevent the trial from being or appearing to be a farce or mockery of justice." We find, in accordance with this standard, as did the court inAllen v. State, 380 So.2d 313, 323 (Ala.Cr.App. 1979) cert. denied, 380 So.2d 341 (Ala. 1980), that, "It was not shown that counsel's assistance was so grossly inept as to shock the conscience of the court and to make the proceedings a farce and a mockery of justice." (Citations omitted.)
Appellant's first three allegations regarding prejudice to him as a result of his attorney's conduct and handling of his case are unsupported by the record before us. In regard to appellant's fourth allegation, failure to file pretrial motions, such as a motion to suppress, does not constitute inadequate representation unless the failure to act reduces the trial to a "farce, sham, or mockery of justice." Bass v. State,417 So.2d 582, 585 (Ala.Cr.App.), cert. denied, 417 So.2d 588
(Ala. 1982). As to appellant's fifth allegation, it is well settled that matters of trial strategy should be left to the judgment of counsel, unless there is a clear showing that representation was inadequate. Bass, supra; Bridges v. State,391 So.2d 1086 (Ala.Cr.App. 1980). Appellant's sixth allegation is based upon an error by counsel during the trial. It has been recognized that effective assistance does not mean that counsel must be without error. Taylor v. State, supra. Appellant's final allegation concerns the truthfulness or falsity of a witness's testimony which was not within the control of appellant's attorney.
Appellant's second contention in his pro se brief, that the Habitual Felony Offender Statute was discriminatorily applied against him solely because he asserted his right to a jury trial, is without merit. It has been held that the word "must" in § 13A-5-9, Code of Alabama (1975), leaves no discretion with the trial court as to whether a repeat offender should be punished under the statute. Watson v. State, 392 So.2d 1274
(Ala.Cr.App. 1980), cert. denied, 392 So.2d 1280 (Ala. 1981). Furthermore, the prosecutor has no discretion as to whether or not to produce evidence of prior convictions and must do so if he is aware of the accused's record. Miliner v. State,414 So.2d 133 (Ala.Cr.App. 1981).
We have addressed each of appellant's allegations, both as presented through brief of counsel and as presented in his pro se brief, and have found no reversible error. In addition, we have carefully searched the record for errors prejudicial to the substantial rights of appellant and have found none. The judgment of conviction is affirmed.
AFFIRMED.
All the Judges concur.