James Floyd Smelcher was indicted for rape in the first degree and sodomy in the first degree. The jury found him guilty of the rape charge and not guilty of the sodomy charge. The trial judge sentenced the appellant to 120 years in the penitentiary, and fined him $1,000.
The victim in this case testified that she knew the appellant because he was a friend of two brothers that she was dating, Rodney and Edward Barksdale. On June 1, 1986, the victim was at her house studying for final exams when this appellant drove up in his van. When the victim went outside, the appellant asked her to go with him because someone named David had some things to tell her about Edward Barksdale. The appellant said they would be gone for just a few minutes. The victim asked her mother if she could go and her mother told her to be home in thirty minutes.
The victim got in the appellant's van and the two went to the appellant's apartment. The victim sat down on the appellant's bed and the appellant turned on the radio. The victim asked when David would arrive and the appellant replied he would be there in a few minutes.
The victim urged the appellant to tell her about Edward and he told her to "just shut up about Edward." (R. 27.) The appellant then put his arms around the victim and starting kissing her. She told him to leave her alone and the appellant forced her on the bed. She told him he was bothering her.
The appellant then straddled the victim and held her arms back. He told her to shut up and stop crying. At one point, the victim turned her head because the appellant made a fist and she thought that he was going to hit her.
The appellant started taking the victim's clothes off and she told him she would do it. When he let her up, she attempted to run and he threw her back on the bed and ripped off her clothes. When the victim tried to get up, the appellant squeezed his arms around her neck. The appellant forced the victim to have sexual intercourse with him three times, and perform oral sex on him. He told her that he was tired of the way people were treating her and he wanted to take her off and marry her. The victim told him that she had to go home and the appellant let her up and took her home.
On the way to the victim's house, the appellant said, "If you say anything . . ." (R. 30-31.) and then shook his head. When the appellant got home, she ran inside and told her mother about the rape and her mother called the police.
A rape examination was performed on the victim. Sperm was detected in her vaginal vault. However, there was no evidence of trauma to her pelvic area. Sperm was also present in the victim's vaginal smear. It was also detected in the crotch of her pantyhose and from dried secretions on her right leg. The appellant, as well as *Page 231 
half the Caucasion population, could have deposited the sperm found in the victim. One of the pubic hairs found in the victim's pubic combings matched the appellant's pubic hair.
Rodney Barksdale testified that the victim often went to the appellant's apartment by herself. He and his mother, Joyce Barksdale, both testified that they told the victim that the appellant had been in prison before for rape.
The appellant testified that the victim frequently came over to his apartment to smoke marijuana. The appellant would take the victim to places when she needed a ride.
On the afternoon in question, the appellant stated he went to the victim's house and asked her if she wanted to go smoke a joint. The victim said she needed a break and the two went to the appellant's apartment and smoked marijuana.
At some point, the appellant began kissing the victim and she responded. They took off their clothes and got in bed. The appellant said he could not get an erection because he was drunk. The victim said they had to hurry and performed oral sex on him. They then had sexual intercourse.
The victim then asked for a towel to clean up and the appellant took her home. He said she was worried about her mother being mad because she was late. The appellant claimed the victim consented to having sex with him.
 I
Prior to trial, the following occurred:
 "THE COURT: All right. Is there anything else to take up at this time?
 "MR. MORGAN: Yes, sir. Judge, we have a motion in limine that we filed also, requesting that no mention be made as to the range of sentencing if the defendant is found guilty at any time during the trial including voir dire questioning, and also a motion that no mention or question be made into any prior sexual activity of the victim as it would not be applicable to the charges here.
 "THE COURT: Mr. Broome, I'll direct you not to inquire into the prior sexual activity of the victim in this case. I'll also ask you not to refer to the length of sentence that may be imposed. That, of course, is a matter for the Court to determine. At this point it hasn't been, so any reference to it would be improper, so I will instruct you not to refer to any specific length of time.
 "MR. BROOME: Judge, I have one further thing. Judge, I have had several conferences in the county jail and at district court at the preliminary hearing with Mr. Smelcher. Based upon my eight years of trial experience and other factors that I know of this case, I have advised Mr. Smelcher that it would be in his best interest not to testify on his behalf in this case. Mr. Smelcher has advised me that he wants —" (R. 7-8.)
Defense counsel made no objection to the trial court's ruling. "As a general rule, matters not objected to at trial will not be considered on appeal." Gray v. State,455 So.2d 163, 165 (Ala.Cr.App.), cert. denied, 455 So.2d 163 (Ala. 1984) (citations omitted). The first time an objection to the court's ruling was raised was in the motion for judgment of acquittal or motion for new trial. "The grounds urged for a new trial must ordinarily have been preserved at the trial by timely and sufficient objections." Hardy v. State, 455 So.2d 265, 268
(Ala.Cr.App. 1984), quoting Fuller v. State, 365 So.2d 1010
(Ala.Cr.App. 1978), cert. denied, 365 So.2d 1013 (Ala. 1979). Thus, this issue has not been properly preserved for our review.
Furthermore, the only time when evidence concerning the past sexual behavior of the victim can be introduced into evidence is when the court finds the past sexual behavior directlyinvolved the participation of the accused. Smiley v. State,435 So.2d 202 (Ala.Cr.App. 1983). See also § 12-21-203, Code of Alabama (1975).
If defense counsel had any evidence to this effect, the Code provides a procedure for the introduction of this type of evidence and defense should have availed himself of *Page 232 
this procedure and made it known to the trial court. However, defense counsel never attempted at trial to introduce such evidence and, thus, has no reason to complain now.
 II
The appellant challenges the sufficiency of the evidence on the basis that the State failed to prove the element of "forcible compulsion."
"Forcible compulsion" is defined as "Physical force that overcomes earnest resistance or a threat, express or implied, that places a person in fear of immediate death or serious physical injury to himself or another person." Ala. Code §13A-6-60(8) (1975).
Under the facts of this case, we conclude that the State did prove the element of "forcible compulsion."
First of all, the victim testified that the appellant, at one point, made a fist, and she turned her head because she was scared he was going to hurt her. This testimony is sufficient evidence of an express or implied threat that placed the victim in fear of serious physical injury or death to herself. Secondly, we also find that there was physical force applied by the appellant which overcame the earnest resistance of the victim. Certainly the appellant used physical force in his assault upon the victim, according to her testimony. The appellant "pinned" the victim on the bed and held her arms back. He squeezed his arms around her neck when she attempted to get up. At one point, the appellant let the victim up, the victim attempted to run and the appellant grabbed her and threw her back on the bed. It seems clear that the victim's attempts to dissuade the appellant and her attempts to get away were evidence of earnest resistance as defined in Richards v. State,475 So.2d 893 (Ala.Cr.App.), cert. denied, 475 So.2d 893 (Ala. 1985).
From our examination of this record, we find that there was sufficient evidence presented at trial which would support this appellant's conviction. The motions were properly denied.
 III
The appellant claims the trial judge erred by denying his motion for judgment of acquittal and motion for new trial without a hearing. A defendant is not entitled to a hearing on a motion for new trial without a special basis therefor.Smiley, supra. We find no special basis exists in the present case.
 IV
The appellant was convicted of rape in the first degree but acquitted of sodomy in the first degree. The appellant alleges the trial judge erred by accepting inconsistent jury verdicts.
First of all, we do not feel the verdicts were necessarily inconsistent. See Hepstall v. State, 418 So.2d 223
(Ala.Cr.App.), cert. denied, 418 So.2d 223 (Ala. 1982). Secondly, even assuming the verdicts are inconsistent, this court has chosen to "insulate jury verdicts from review on this ground." Hammond v. State, 497 So.2d 558 (Ala.Cr.App.), cert.denied, 497 So.2d 558 (Ala. 1986), quoting Dunn v. UnitedStates, 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed.2d 356 (1932). Thus, no error appears here.
 V
The appellant contends the trial judge erred by failing to give his requested charges on the offense of sexual misconduct. Following the court's oral charge, defense counsel stated: "I would object to the Court not giving the defendant's requested charges that were submitted to the Court that were not given." (R. 265.) This objection was not sufficient to preserve this issue on appeal. Crawford v. State, 479 So.2d 1349, (Ala.Cr.App.), cert. denied, 479 So.2d 1349 (Ala. 1985). See also Rule 14, A.Temp.R.Crim.P.
 VI
The appellant contends the trial judge erred by refusing his requested jury instructions 10 and 11, which pertain to the *Page 233 
offense of sexual misconduct. These charges read as follows:
"DEFENDANT'S REQUESTED
CHARGE NUMBER 10
 "The Court charges the Jury that it must find the Defendant guilty of sexual misconduct if being a male, he engages in sexual intercourse with a female without her consent but not by forcible compulsion.
"DEFENDANT'S REQUESTED
CHARGE NUMBER 11
 "The Court charges the Jury that it must find the Defendant guilty of sexual misconduct if being a male, he engages in sexual intercourse with a female without her consent but without such physical force that overcomes earnest resistance or a threat, express or implied, that places a person in fear of immediate death or serious physical injury to himself or another person." (P.C. 22.)
Section 13A-6-65(a)(1), Code of Alabama (1975) provides in pertinent part: "A person commits the crime of sexual misconduct if: Being a male, he engages in sexual intercourse with a female without her consent, under circumstances other than these covered by 13A-6-61 and 13A-6-62. . . ." An element of the offense of sexual misconduct is "that the sexual act was committed without consent of the victim." Burgess v. State,462 So.2d 1066, 1067 (Ala.Cr.App. 1985).
 "(a) Whether or not specifically stated, it is an element of every offense defined in this article, with the exception of subdivision (a)(3) of section 13A-6-65, that the sexual act was committed without consent of the victim.
(b) Lack of consent results from:
(1) Forcible compulsion; or
(2) Incapacity to consent; or
 (3) If the offense charged is sexual abuse, any circumstances, in addition to forcible compulsion or incapacity to consent, in which the victim does not expressly or impliedly acquiesce in the actor's conduct.
 (c) A person is deemed incapable of consent if he is:
(1) Less than 16 years old; or
(2) Mentally defective; or
(3) Mentally incapacitated; or
(4) Physically helpless."
Ala. Code, § 13A-6-70 (1975).
Thus, the lack of consent element of the offense of sexual misconduct is "specifically defined and results from either forcible compulsion . . . or incapacity to consent. . . ."Burgess, supra, at 1068. The appellant's requested instruction 10 states that the act of sexual misconduct can be committed without forcible compulsion. The requested instruction 11 also states that the act of sexual misconduct can be committed without forcible compulsion by including the definition of that term. Neither instruction made any mention of incapacity to consent and there was no evidence of this at trial. Thus, the appellant's jury instructions were incomplete and incorrect and were properly refused.
 VII
The appellant contends the trial court failed to inform him of the court's proposed actions on his written requested jury charges prior to closing arguments as required by Rule 14, A.Temp.R.Crim.P.
The record is silent on this matter and this court cannot presume error from a silent record. "It is the burden of the appellant to show error, and before a reversal of the judgment is to be had, it must appear to the court that the error complained of has probably injuriously affected the substantial rights of the appellant. Chillous v. State, 405 So.2d 58
(Ala.Cr.App. 1981); A.R.A.P. 45." Cargill v. State,432 So.2d 520, 522 (Ala.Cr.App. 1983).
The appellant failed to object to this matter at trial and he has not demonstrated any prejudice which resulted from this alleged error. This issue is without merit.
 VIII
The following portion of the record is taken from the court's oral charge to the jury.
 "In this case, as to the first element, the rape count, Count I, it's been admitted that there was sexual intercourse, so *Page 234 
that element is not really for your determination. It has already been admitted. The only element in the rape case is whether or not the sexual intercourse took place voluntarily or whether it was by forcible compulsion. That is the only issue that you must decide in the rape count. It is also the only issue in the sodomy count, whether or not it was done voluntarily or was it by forcible compulsion. That is the basic issue you must decide.
 "At this time I'm going to give you a definition of what forcible compulsion is for your consideration. Of course, sexual intercourse, that term has an ordinary meaning. It occurs upon any penetration, however slight. Of course, emission by the male is not required, but as I said, that element is admitted in this case and is not at issue." (R. 257.)
The appellant is complaining on appeal that the trial court's above-quoted remarks were an improper expression of the court's opinion on the evidence. We disagree.
A trial judge has the original, inherent power to direct the jury's attention to undisputed evidence. Jones v. State,488 So.2d 48 (Ala.Cr.App.), appeal after remand, 500 So.2d 1331
(Ala.Cr.App. 1986). Both the victim and the appellant testified that sexual intercourse had occurred. Therefore, this element was undisputed.
Furthermore, the trial judge later clarified his instruction to the jury at the request of defense counsel.
 "THE COURT: Ladies and gentlemen, I want to clarify one element in the charge of rape referring to penetration. Penetration is a required element of rape, however slight. The act of sexual intercourse does not have to be completed. There has been testimony, and it has been admitted by the defendant, that he did have sexual intercourse, so you can consider that in determining if penetration had been completed in this case. I stated to you that since he admitted that, the issue was whether or not that was with force, but you must find that there was penetration, and you may consider the defendant's testimony in determining that.
"Anything further for the defendant?
"MR. BROOME: No, Your Honor." (R. 265-66.)
Our consideration of this issue reveals that no error occurred here.
 IX
The jury began its deliberations in this case at 4:37 p.m. and returned a verdict at 8:53 p.m.
However, at 6:00 p.m., the jury sent the following question to the judge. "Has [the appellant] ever tried to have sex with [the victim] before?" (R. 267.) The court replied that "You should answer this question by recalling the evidence as you heard it." (R. 267.)
The appellant contends the court's reply was in error for two reasons. First, he asserts that the court's charge amounted to an "Allen" or "dynamite" charge. Our review of the charge convinces this court that the instruction in no way constituted an "Allen" or "dynamite" charge. See Wiggins v. State,429 So.2d 666 (Ala.Cr.App. 1983).
Secondly, the appellant argues that the trial judge should have told the jury to regard his instructions with those previously given, citing Bell v. State, 473 So.2d 622
(Ala.Cr.App.), cert. denied, 473 So.2d 622 (Ala. 1985). This argument is also without merit. In Bell, supra, the court gave further instructions in addition to the jury's specific request for instructions. Here, the court did not go beyond the jury's request. His only instruction, and the only answer he could give, was that the jury should recall the evidence as they heard it. There was no error here.
Furthermore, the appellant failed to object to the court's response to the jury's question and, thus, this matter was not properly preserved for our review.
For the reasons stated above, the judgment of the trial court is due to be, and the same is hereby, affirmed.
AFFIRMED. *Page 235 
All Judges concur.
BOWEN, P.J., in result only.