The appellant, Randy Joe Sartin, was convicted of rape in the first degree, in violation of § 13A-6-61, Code of Alabama 1975, and of sodomy in the first degree, in violation of § 13A-6-63, Code of Alabama 1975. The appellant was sentenced to 99 years' imprisonment for each offense.
The evidence tended to show that the appellant was a customer at The Barn, a nightclub in Scottsboro, Alabama, on July 7, 1990. He needed a ride home so a waitress who worked at the club offered to drive him part of the way when she went home. After he got in her car, he placed a knife on her neck, threatened to kill her and forced her to drive down a deserted road near the Tennessee River. He then pushed her out of the car and cut off her clothes and bra with the knife.
The appellant forced the victim to perform oral sex on him. He then had sexual intercourse with her and performed oral sex on her. This continued for several hours. At one point, the appellant made the victim urinate in his mouth, and he tried to urinate in her mouth. After several hours, he had the victim drive him to an intersection, where he got out of the car.
 I
The appellant argues that the circuit court erred in refusing to instruct the jury on the lesser included offense of sexual misconduct. The essential difference between rape in the first degree and sexual misconduct is that rape requires that the act be done "by forcible compulsion" and sexual misconduct requires that it be done "without . . . consent." §§ 13A-6-61 and13A-6-65, Code of Alabama 1975. To be guilty of sodomy in the first degree, the act must be "deviate sexual intercourse . . . by forcible compulsion;" however, a person is guilty of sexual misconduct if he simply engages in "deviate sexual intercourse." §§ 13A-6-63 and 13A-6-65, Code of Alabama 1975.
"An accused is entitled to have the jury charged on a lesser included offense only where there is a reasonable theory from the evidence to support the lesser offense." Myers v. State,401 So.2d 288 (Ala.Cr.App. 1981). Here the evidence tended to show that the appellant held a knife to the victim's neck, cut her clothes off her body, slapped her, threatened to cut her heart out and her head off, and forced her to have sexual intercourse and oral sex with him. The offense of sexual misconduct specifically excludes those acts which are defined by §§ 13A-6-61 and 13A-6-63 as rape and sodomy. Section 13A-6-65, Code of Alabama 1975, provides:
 "(a) A person commits the crime of sexual misconduct if:
 "(1) Being a male, he engages in sexual intercourse with a female without her consent, under circumstances other than those covered by sections 13A-6-61 and 13A-6-62; or with her consent where consent was obtained by the use of any fraud or artifice; or
 "(2) Being a female, she engages in sexual intercourse with a male without his consent; or
 "(3) He or she engages in deviate sexual intercourse with another person under circumstances other than those covered by sections 13A-6-63 and 13A-6-64. Consent is no defense to a prosecution under this subdivision."
The evidence tended to show that the appellant had sex with the victim by forcible compulsion. Therefore, the appellant's conduct was of the type prohibited by §§ 13A-6-61 and 13A-6-63; thus there was no reasonable theory to support giving an instruction on the lesser included offense of sexual misconduct.
 II
The appellant argues that there was insufficient evidence to support the jury verdict. The appellant was convicted of rape in the first degree and of sodomy in the first degree. "A male commits the crime of rape in the first degree if . . . [h]e engages in sexual intercourse with a female by forcible compulsion. . . ." § 13A-6-61, Code of Alabama 1975. "A person commits the crime of sodomy in the first degree if . . . [h]e engages in deviate sexual *Page 137 
intercourse with another person by forcible compulsion. . . ." § 13A-6-63, Code of Alabama 1975.
The appellant contends that there was insufficient evidence of forcible compulsion. The testimony of the victim alone is sufficient to establish the element of forcible compulsion.Smelcher v. State, 520 So.2d 229 (Ala.Cr.App. 1987). Because of the nature of these crimes, it is common that the only eyewitness is the victim. Here, the victim's testimony that the appellant held a knife to her neck and forced her to have both oral and vaginal sex with him was sufficient to support the jury's verdict.
 III
The appellant also argues that the circuit court erred in receiving evidence concerning the appellant's escape from custody after his arrest on these charges, his "flight," and his recapture.
 "In a criminal prosecution the state may prove that the accused engaged in flight to avoid prosecution. This principle is based upon the theory that such is admissible as tending to show the accused's consciousness of guilt. The flight of the accused is admissible whether it occurred before or after his arrest.
 "The state is generally given wide latitude or freedom in proving things that occurred during the accused's flight. This is especially true of those acts of the accused which tend to show that the flight was impelled by his consciousness of guilt."
C. Gamble, McElroy's Alabama Evidence § 190.01(1) (4th ed. 1991) (citations omitted). See also 2 Wigmore, Evidence
§ 276(4) (Chadbourn rev. 1979); Chandler v. State, 555 So.2d 1138
(Ala.Cr.App. 1989).
The circuit court did not err in receiving evidence of the appellant's escape from custody, his flight, and his recapture, following his arrest on these charges.
 IV
The appellant argues that the circuit court erred in denying his motion for a change of venue. The appellant contends that publicity concerning his prior rape and sodomy convictions could have prejudiced the jury. One "way to ascertain whether adverse publicity may have biased the prospective jury is through the voir dire examination." Thomas v. State,452 So.2d 899, 902 (Ala.Cr.App. 1984).
After voir dire examination, the court found that only 8 of the 58 veniremembers knew anything about the appellant, this case, or this victim. Of those eight, the court concluded that the judgment of four of them might have been affected by their knowledge. The court stated that it was prepared to grant challenges for cause as to those four jurors. The court did, in fact, grant challenges for cause as to six of the veniremembers.
From the voir dire examination of the remaining veniremembers, it does not appear that any of them were prejudiced by pretrial publicity so that a change of venue was warranted. The circuit court did not err in denying the appellant's motion for change of venue.
For the above stated reasons, the judgment in this cause is due to be affirmed.
AFFIRMED.
All the Judges concur.